1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| ANDRES MONTANEZ-BAZA, | CASE NO. 07-CR-2811 H |
|---|---|
| Petitioner, | 08-CV-1662 H |
| vs. | **ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2255** |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

16

17

18

19

20

21

22

23

24

On September 10, 2008, Petitioner filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence of 70 months in custody and three years of supervised release resulting from his conviction for violation of 8 U.S.C. § 1326. (Doc. No. 27.)  On October 16, 2008, pursuant to the Court's scheduling order, the Government filed a response in opposition to the Petition. (Doc. No. 29.)  On December 5, 2008, Petitioner filed his reply in support of his Petition. (Doc. No. 30.)  After due consideration of the parties' submissions and the record in this case, the Court concludes that an evidentiary hearing is unnecessary and DENIES Petitioner's motion to vacate, set aside, or correct his sentence for the following reasons.

25

## **Factual and Procedural Background**

26

27

28

According to the Complaint filed against Petitioner in his criminal case, Petitioner attempted to enter the United States on September 14, 2007 at approximately 9:18 p.m. (Doc. No. 1.)  During primary inspection, Petitioner reportedly stated that he was a United States

- 1 -

07cr2811

1   citizen by virtue of being born in Los Angeles, California, and presented a California

2   Identification Card.  (Id.)  Upon receiving a computer-generated referral, the primary Customs

3   and Border Protection Officer referred Petitioner's vehicle to secondary inspection, where

4   Petitioner's fingerprints were queried in the Integrated Automated Fingerprint Identification

5   System.  (Id.)  At that time, Deportable Alien Control System records showed that Petitioner

6   had been removed from the United States on or about August 27, 2007 after being found

7   deportable by an Immigration Judge.  (Id.)  The records contained no indication that Petitioner

8   had applied for or received permission to re-enter the United States.  (Id.)

9         On October 10, 2007, a grand jury issued an indictment charging Petitioner with

10  violations of 8 U.S.C. § 1326(a) and (b) for attempted entry after deportation and 18 U.S.C.

11  § 911 for false claim to United States citizenship.  (Doc. No. 5.)

12        Petitioner signed a Plea Agreement on November 2, 2007.  (Doc. No. 12.)  Under the

13  Plea Agreement, Petitioner agreed to plead guilty to Count One of the Indictment for violation

14  of 8 U.S.C. § 1326.  (Id.)  The Government agreed to move to dismiss the remaining charge

15  for violation of 18 U.S.C. § 911.  (Id.)  On November 13, 2007, Petitioner entered his guilty

16  plea as to Count One before the Magistrate Judge.  (Doc. Nos. 10-12.)  The Magistrate Judge

17  subsequently issued Findings and a Recommendation that the Court accept Petitioner's plea.

18  (Doc. No. 13.)

19        On April 21, 2008, after careful review of the record – including the Sentencing

20  Memorandum and accompanying letters submitted by Petitioner – the Court accepted

21  Petitioner's plea and sentenced Petitioner to 70 months in custody and three years of

22  supervised release for violation of 8 U.S.C. § 1326.  (Doc. Nos. 23-26.)  This sentence

23  represents the low end of the advisory guidelines range as calculated by the Court.

24  (Sentencing Tr. 6:2.)  On the Government's motion, the Court dismissed Count Two of the

25  Indictment.

26        On September 10, 2008, Petitioner filed his Section 2255 Habeas Corpus Petition,

27  alleging ineffective assistance of counsel and arguing that the Plea Agreement is invalid

28  because it was not knowingly and intelligently entered.  (Doc. No. 27.)

07cr2811

**Discussion**

**I.      Waiver of Right to Appeal of Collaterally Attack Sentence**

Paragraph XI of the Plea Agreement signed by Petitioner is entitled "Defendant Waives Appeal and Collateral Attack."  (Plea Agrmt. at 8.)  That paragraph provides:

> In exchange for the Government's concessions in this plea agreement, defendant
> waives, to the full extent of the law, any right to appeal or to collaterally attack
> the conviction and sentence, including any restitution order, unless the Court
> imposes a custodial sentence greater than the high end of the guideline range (or
> statutory mandatory minimum term, if applicable) recommended by the
> Government pursuant to this agreement at the time of sentencing.

(Id.)  The Ninth Circuit approves of such waivers on public policy grounds, reasoning that finality is "perhaps the most important benefit of plea bargaining." United States v. Navarro-Botello, 912 F.2d 318, 322 (9th Cir. 1990).  Courts will generally enforce a defendant's waiver of his right to appeal if: (1) "the language of the waiver encompasses the defendant's right to appeal on the grounds claimed on appeal," and (2) "the waiver is knowingly and voluntarily made."  United States v. Martinez, 143 F.3d 1266, 1270-71 (9th Cir. 1998).  The Court concludes that both of these requirements are met in this case.

**A.      The Language of the Waiver Encompasses Petitioner's Motion**

It is a fundamental rule in the Ninth Circuit that "plea agreements are contractual in nature and are measured by contract law standards." United States v. Clark, 218 F.3d 1092, 1095 (9th Cir. 2000) (quotation omitted).  Courts focus on the language of the waiver to determine its scope. United States v. Baramdyka, 95 F.3d 840, 843 (9th Cir. 1996).  Here, viewing Petitioner's Plea Agreement as any other contract, its plain language clearly encompasses a motion under Section 2255, which is a waivable statutory collateral attack. See, United States v. Abarca, 985 F.2d 1012, 1014 (9th Cir. 1993).

Under the Plea Agreement, Petitioner explicitly waived the right to collaterally attack his conviction and sentence unless the Court imposed a custodial sentence greater than the high end of the guideline range recommended by the Government.  (Plea Agrmt. at 8.)  The Plea

07cr2811

1    Agreement further explains that the sentence is within the sole discretion of the Court and that

2    the Government made no representations as to what sentence Petitioner would receive.  (Id.

3    at 5.)  At sentencing, the Court agreed with the U.S. Probation Office's and the Government's

4    sentencing guidelines calculations, beginning with a base offense level of 8, plus 16 for a prior

5    felony conviction, minus 3 for acceptance of responsibility, leaving an adjusted offense level

6    of 21.  (Sentencing Tr. 5:11-21.)  With a criminal history category of V, the guidelines range

7    provided for 70 to 87 months of custody.  (Id. at 6:2.)  Because Petitioner's sentence of 70

8    months is not above that range – in fact, it is at the low end of the range – paragraph XI of the

9    Plea Agreement bars Petitioner's § 2255 motion as long as that waiver was knowingly and

10   voluntarily made.  Martinez, 143 F.3d at 1270-71.

11            **B.      Petitioner's Waiver Was Knowing and Voluntary**

12           The Court "looks to the circumstances surrounding the signing and entry of the plea

13   agreement to determine whether the defendant agreed to its terms knowingly and voluntarily."

14   Baramdyka, 95 F.3d at 843.  In examining the circumstances under which Petitioner signed the

15   Plea Agreement, the Agreement itself is informative.  First, while Petitioner claims that he did

16   not understand the waiver because he does not speak English and was not provided an

17   interpreter while entering into the Plea Agreement (Reply at 6.), the Plea Agreement itself is

18   signed and dated by "Brenda Leyra, Interpreter."  (Plea Agrmt. at 9.)  Additionally, paragraph

19   XV of the Plea Agreement states that "[d]efendant has discussed the terms of this agreement

20   with defense counsel and fully understands its meaning and effect."  (Plea Agrmt. at 9.)

21   Petitioner initialed each page of the Plea Agreement, including the page containing the appeal

22   waiver and the page stating that he fully understood the agreement.  (Id. at 8, 9.)

23            When Petitioner tendered his plea before the Magistrate Judge, the Magistrate Judge

24   found that Petitioner understood the terms of the plea agreement and that Petitioner's plea was

25   made knowingly and voluntarily.  (Doc. No. 13.)  At sentencing, the Court found that

26   Petitioner's plea was freely and voluntarily entered and that Petitioner understood his rights

27   and had knowingly and intelligently waived them.  (Sentencing Tr. 2:6-9.)  After imposing the

28   70 month sentence, the Court specifically asked whether Petitioner had waived his sentence

1   "based on the Court's sentence." (Id. 7:22-23.)  Both Petitioner and his counsel answered

2   affirmatively. (Id. 7:24-8:1.)  See United States v. Anglin, 215 F.3d 1064, 1066 (9th Cir. 2000)

3   ("Also relevant is whether the district court informed the defendant of her appellate rights and

4   verified her intent to forfeit them.").

5          Petitioner contends that he signed the Plea Agreement only because his counsel

6   mistakenly or falsely represented that Petitioner would receive a sentence of no more than 41

7   months.  However, the Plea Agreement clearly states that, after discussing the sentencing

8   guidelines with defense counsel, Petitioner understood that the guidelines were advisory, and

9   the Court had discretion to impose a sentence of up to 20 years. (Plea Agrmt. at 3, 5.)  By

10  signing the Plea Agreement, Petitioner also acknowledged that "any estimate of the probable

11  sentence by defense counsel is a prediction, not a promise, and is not binding on the Court."

12  (Id. at 5.)  Additionally, the Plea Agreement provided that, if Petitioner believed that the

13  Government's recommendation was not in accord with the agreement, Petitioner would object

14  at the time of sentencing or waive any such objection. (Id. at 8.)  Petitioner made no such

15  objection at sentencing. (Sentencing Tr.)

16         On these facts, the Court concludes that Petitioner knowingly and voluntarily waived

17  his right to appeal or collaterally attack his conviction and sentence.  Accordingly, Petitioner's

18  motion under 28 U.S.C. § 2255 is barred.

19  **II.     Ineffective Assistance of Counsel**

20         Even if Petitioner had not waived his right to collaterally attack his conviction and

21  sentence, the Court concludes that Petitioner's ineffective assistance claim lacks merit.  In

22  order to successfully argue ineffective assistance of counsel, a petitioner has the burden of

23  showing (1) that his counsel's performance was "deficient" and (2) that the deficient

24  performance prejudiced the defendant. Strickland v. Washington, 466 U.S. 668, 687 (1984).

25  Defense counsel's performance is deemed deficient only if the defendant can show that

26  counsel made "errors so serious that counsel was not functioning as the 'counsel' guaranteed

27  the defendant by the Sixth Amendment." Id.  In evaluating the performance of defense

28  counsel, courts "indulge a strong presumption that counsel's conduct falls within the wide

1  range of reasonable professional assistance." <u>Id.</u> at 689.  To satisfy the prejudice prong of the

2  <u>Strickland</u> test, Petitioner must show that his lawyer's errors were so serious as to deprive him

3  of a fair trial.  <u>Id.</u> at 687.  If counsel's error "had no effect on the judgment," the judgment

4  should not be set aside.  <u>Id.</u> at 692.  In this case, Petitioner's claim falls short as to both

5  elements.

6        Petitioner alleges that his lawyer: (1) waived his right to a speedy trial without fully

7  informing Petitioner of the legal ramifications, (2) failed to adequately prepare a motion to

8  dismiss the Indictment, (3) negotiated a plea agreement with the Government without

9  informing the Petitioner of the alternatives to entering into a plea agreement, (4)

10  misrepresented the terms of the Plea Agreement and misstated the sentence Petitioner would

11  receive, (5) failed to advise Petitioner that the Plea Agreement waived appellate rights, (6)

12  failed to adequately prepare a motion to suppress evidence, and (7) failed to interview

13  Petitioner and other witnesses to prepare an adequate sentencing memorandum. (Reply at 4-5.)

14        First, the Court concludes that counsel's decision not to move to dismiss the Indictment

15  or suppress certain evidence was "a reasonable choice."  <u>Strickland</u>, 466 U.S. at 681.  This is

16  especially true where, as here, counsel was seeking to negotiate a favorable plea agreement for

17  Petitioner.  This decision may also have been based on an assumption that the motions would

18  not have been successful.  Petitioner has not shown that such an assumption would have been

19  unreasonable.

20        The Court further concludes that defense counsel's preparations for sentencing were

21  adequate.  Though Petitioner claims that his lawyer did not interview him and other witnesses

22  in preparing a sentencing memorandum, counsel's sentencing memorandum contains extensive

23  personal details regarding Petitioner's background and experiences, and was filed along with

24  multiple letters from family and friends.  (Doc. Nos. 20, 21.)

25        Even if Petitioner's remaining allegations are true and constitute unreasonable

26  representation, the Court concludes that they did not prejudice the Petitioner.  Petitioner – with

27  the assistance of an interpreter – read and signed a detailed Plea Agreement that explicitly

28  discussed his right to speedy and public trial (Plea Agrmt. at 3.), the possible statutory

1  maximum for his crime (<u>Id.</u>), the Court's discretion in sentencing (<u>Id</u> at 5.), and the waiver of

2  appellate rights (<u>Id.</u> at 8.).  In subsequent hearings, the Magistrate Judge and this Court

3  engaged in additional colloquies with the Petitioner, confirming his understanding. (Doc. Nos.

4  13, 26.)

5      Finally, the Court notes that Petitioner obtained a favorable result in light of the facts

6  of this case.  The sentencing guidelines provide for a sentence of 70-87 months for Petitioner's

7  violation of 8 U.S.C. § 1326.  (Sentencing Tr. 6:2.)  Petitioner's sentence of 70 months is at

8  the low end of that range.  The second charge of the Indictment, for violation of 18 U.S.C.

9  § 911, was dismissed.  This result belies Petitioner's claim that his counsel was ineffective, as

10  it is unlikely that Defendant could have obtained "a more favorable result" had his counsel

11  acted differently.  <u>Featherstone v. Estelle</u>, 948 F.2d 1497, 1506-07 (9th Cir. 1991).

12  **III.   An Evidentiary Hearing Is Not Required**

13      A court deciding a motion under 28 U.S.C. § 2255 is not required to hold an evidentiary

14  hearing if "the motion and the files and records of the case conclusively show that the prisoner

15  is entitled to no relief."  28 U.S.C. § 2255(b).  "Mere conclusory statements by the petitioner

16  do not justify a hearing."  <u>Baumann v. U.S.</u>, 692 F.2d 565, 571 (1982).  Instead, a petitioner

17  must make "specific factual allegations which, if true, would entitle him to relief."  <u>Id.</u>  As

18  discussed, Petitioner has failed to allege sufficient facts showing a possible right to relief.

19  Therefore, an evidentiary hearing is not warranted in this case.

20                              **Conclusion**

21      Accordingly, the Court DENIES Petitioner's motion under 28 U.S.C. § 2255 to vacate,

22  set aside, or correct his conviction and sentence.

23  IT IS SO ORDERED.

24  DATED: May 21, 2009

25  
26                  MARILYN L. HUFF, District Judge
                    UNITED STATES DISTRICT COURT

27  

28